UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20172-WILLIAMS/McALILEY

UNITED STATES OF AMERICA

vs.

EDRISSE MICHELIN,

        Defendant.
_____/

### FACTUAL PROFFER

The United States and Defendant Edrisse Michelin ("Defendant") agree that had this case proceeded to trial, the United States of America would have proven, beyond a reasonable doubt, the following facts pertaining to violations of Title 18, United States Code, Sections 1343(Wire Fraud), 1029(a)(2) (Fraudulent Use of an Access Device), and 1028A (Aggravated Identity Theft).

    1.    In violation of Title 18, United States Code, Section 1343 (Wire Fraud), from on or about June 11, 2020 through July 7, 2020, the Defendant caused the submission, via interstate wire communications, of a false and fraudulent Payment Protection Program ("PPP") loan application from Kabbage, Inc. for a business the Defendant owned and controlled named Universal Marketing and Advertising Group. The PPP loan application misrepresented Universal Marketing's monthly payroll and gross income and included falsified tax forms. As a result of the fraudulent PPP application, Kabbage, Inc. deposited $577,490 in loan proceeds into the Navy Federal Credit Union bank account ending in 1091, which was controlled by the Defendant and located in the Sothern District of Florida. The Defendant used the funds for

1

personal expenses.

2.     In violation of Title 18, United States Code, Section 1343 (Wire Fraud), from on or about June 11, 2020 through July 7, 2020, the Defendant caused the submission, via interstate wire communications, of a false and fraudulent Economic Injury Disaster Loan ("EIDL") loan application the Small Business Administration ("SBA") for a company named Z Noelle Corp. The EIDL application falsely and fraudulently represented the gross revenues and the number of employees of Z Noelle Corp. As a result of the fraudulent PPP application, SBA deposited $29,400 in loan proceeds into a Bank of America bank account ending in 0599, which was controlled by the Defendant and located in the Southern District of Florida. The Defendant used the funds, including $9,500 transferred to his other account, for personal expenses.

3.     On June 10, 2020 through June 17, 2020, the Defendant knowingly and with the intend to defraud, used one or more credit cards issued to other persons and did obtain money aggregating $1,000 or more during that period, which affected interstate commerce. The Defendant used credit card numbers belonging to other persons, including victim B.J., for services that were not rendered at a company called Bella Spa in violation of Title 18, United States Code, Section 1029(a)(2) (Use of One or More Unauthorized Access Devices).

4.     During and in relation to the Defendant's violation of Title 18, United States Code, Section 1029(a)(2) (Use of One or More Unauthorized Access Devices) described in paragraph 3, *supra*, the Defendant knowingly and with the intent to defraud used or possessed a credit card number ending in 3290 issued in the name of victim B.J. without lawful authority in violation of Title 18, United States Code, Section 1028A (Aggravated Identity Theft).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 9/23/22     By: _____
                      STEPHEN J. DEMANOVICH
                      ASSISTANT UNITED STATES ATTORNEY

Date: 9/23/22     By: _____
                      MICHAEL MIRER, ESQ
                      ATTORNEY FOR DEFENDANT

Date: 9/23/22     By: _____
                      EDRISSE MICHELIN
                      DEFENDANT